Church, Ch. J.
As the order does not specify that the reversal of the judgment, by the General Term was upon questions of fact, we must assume that it was upon questions of law, and we can therefore consider only such questions.
A material question is as to the competency of the memorandum, attempted to be proved by the witness Waldron, of the weight of the boat “Emma Flora” and cargo, at the weigh-lock at Waterford, and whether his evidence was sufficient to support a judgment based upon the accuracy of the weight thus .obtained. It does not appear that the memorandum was formally offered in evidence, but the substance of it was stated by the witness in connection with his testimony, and its competency and sufficiency were expressly challenged by motions to strike out the evidence, which were denied, and exceptions duly taken. The referee finds that the weight of the boat and cargo was correct; and as this is the only evidence to justify the finding, if that is not sufficient, the exception to it presents a question of law.
The defendant gave no direct evidence that the plaintiff had not purchased, paid for, and shipped at Glens Falls the quantity of potatoes claimed by him, nor that such quantity was not received by the defendant at Brooklyn; but the deficiency was sought to be proved solely by the weight of this and another boat and cargo at the intermediate weigh-lock at Waterford. The witness, had no official connection with the weigh-lock. That was under the control of an officer and assistants, appointed for that purpose. He was a clerk in the collector’s office, the duties of which are distinct from those of weighmaster; although he stated that he occasionally weighed boats, at the request of the officers at thé weigh-lock. When shown the entry in question, he stated that if it was his handwriting he weighed the boat, and he believed that the boat was weighed correct; but on cross-examination he repeated several times that he could not swear *499 positively that the entry was in his handwriting; that he could not swear to making the entry, or weighing the boat, and had no knowledge of the transaction except from what appeared on the book. The entry bore date, ¡November 10th, 1868, and as shown at the trial, black lines were drawn over it, and the same entry was made in another place under date of ¡November twelfth, in another handwriting, which the witness could not identify. The evidence was insufficient to justify the finding of the referee. It is indispensable to entitle a memorandum to be read, that the witness should verity the handwriting as his own. This is the foundation of such evidence. The witness was unable to state a single fact, which made the memorandum of any value as evidence. He had no recollection of weighing the boat, and could not swear that he made the entry. The fact of making the memorandum should be proved with a degree of certainty, which leaves no room for doubt. Without this such evidence is a mere shadow. It will not do to found an inference upon a mere guess. (15 N. Y., 485 ; 17 id., 134; 29 id., 346; 22 id., 462.) The force of this entry was also greatly weakened, if not entirely destroyed, by its being defaced, and a similar entry made by some one else under date of ¡November twelfth. Ho explanation was given of this, and neither the weighmaster, nor either of his assistants was called. It is quite as reasonable to infer from all the evidence that the boat was weighed on the twelfth, and not by the witness Waldron, and that the date ¡November tenth, referred to the issuing of the clearance, but whether this was so or not, the evidence is too weak and uncertain to sustain the finding of the referee. This error is sufficient to justify the order of the General Term, reversing the-jndgment, and ordering a new trial, and it is unnecessary to notice the other points made.
The order of the General Term must be affirmed, and judgment absolute ordered for the plaintiff for $624.43 and interest from December 4th, 1871, with costs.
All concur.
Order affirmed and judgment accordingly.